**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MA'REE NORDLING, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-319 |
| | § | |
| ANTHEM LIFE INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On July 2, 2013, the report of the Magistrate Judge was entered [Doc. #34] containing the recommendation that plaintiff's Motion for Summary Judgment [Doc. #24] be denied and defendant's Motion for Summary Judgment [Doc. #18] be granted.

On July 16, 2013, plaintiff filed her objections to the report and recommendation [Doc. #36].  On July 24, 2013, defendant filed its response [Doc. #37].

Plaintiff argues that her claim was reviewed by consulting, non-examining medical professionals, which was not provided for in the Policy [Doc. #36 at 1-2].  Plaintiff contends that the Policy allowed for the defendant to have a claimant examined by one of the doctors, and that defendant never exercised its right to have plaintiff examined.  Plaintiff asserts that the

Magistrate Judge failed to rule on her argument that the opinions given by non-examining medical professionals are inadmissible expert opinions.

The Magistrate Judge did consider plaintiff's argument, and found the argument to be unpersuasive.  Specifically, the Magistrate Judge held that "[e]ach medical specialist that defendant had review the medical file considered plaintiff's self-reported complaints of pain, but found no objective evidence to explain her symptoms or to verify any functional limitations" [Doc. #34 at 20].  The Magistrate Judge found that defendant was entitled to rely on the medical evidence in the record, including the opinions of plaintiff's treating physicians.  While examinations of plaintiff may have been allowed by the Policy, examinations of plaintiff are not required by the Policy or by ERISA.  *Gothard v. Metro Life Ins. Co*., 491 F.3d 246, 249 & n.7 (5th Cir. 2007) (noting the Fifth Circuit does not require claim administrators to perform physical examinations of claimants).  The Fifth Circuit has rejected plaintiff's argument and made it clear that it is not arbitrary or capricious for a claim administrator to rely on a medical consultant's file review of a claimant's medical records rather than an in-person examination. *Gooden v. Provident Life & Acc. Ins. Co*., 250 F.3d 329, 335 (5th Cir. 2001) (finding no abuse of discretion to rely on reviewing physician who never examined or spoke to plaintiff, because his condition could be verified through objective medical evidence); *Gothard*, 491 F.3d at 249 (finding it reasonable to rely on reviewing physician "even if the consulting physician only reviews medical records and never physically examines the claimant").  Further, there is no merit to plaintiff's assertion that this evidence constitutes inadmissible expert opinions.  Plaintiff's claim was properly reviewed by defendant.  Defendant was not required by either the Policy or ERISA to have a physician examine her to determine her claim, but was entitled to rely on the administrative record to do so.  This objection is without merit.

Plaintiff also contends that the Magistrate Judge erred in his evaluation of the vocational evidence because he "failed to give appropriate consideration to the opinions of Mr. Bowden which clearly were more comprehensive than the opinions of Ms. O'Reilly" [Doc. #36 at 6]. Plaintiff complained that Ms. O'Reilly failed to consider plaintiff's subjective complaints of pain.  However, this contention is erroneous.  The Magistrate Judge specifically found that Ms. O'Reilly, defendant's vocational expert, considered plaintiff's treating source opinions, which included her subjective complaints of pain [Doc. #34 at 28].  The Magistrate Judge noted that Ms. O'Reilly's opinion was consistent with those of the majority of plaintiff's treating physicians who found that plaintiff could perform sedentary work.  This argument was already considered by the Magistrate Judge, and plaintiff fails to set forth any reason why the Magistrate Judge's ruling was in error.

Plaintiff also objects that the Magistrate Judge erroneously evaluated plaintiff's argument regarding the opinion of Dr. Kious.  Plaintiff contends that the Magistrate Judge improperly characterized her argument.  The Magistrate Judge stated that plaintiff argued that defendant failed to credit the opinions of her primary treating physician, Dr. Kious.  Plaintiff now contends that her argument was that the evidence from Dr. Kious should be given the same weight as the other evidence provided by plaintiff's other doctors.

Regardless of how the Magistrate Judge characterized plaintiff's argument, the Magistrate Judge applied the correct law.  The Magistrate Judge noted that the Supreme Court disapproved of a treating physician rule, and held that "plan administrators are not obliged to accord special deference to the opinions of treating physicians" [Doc. #34 at 27 (citing *McDonald v. Hartford Life Group Ins. Co*., 361 F. App'x 599, 610 (5th Cir. 2010) (citing *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003))].   "So long as the [p]lan

[a]dministrator's decision is rationally related to the evidence, we do not require the [p]lan [a]dministrator to credit a particular area of expertise when deciding on an applicant's prognosis." *McDonald*, 361 F. App'x at 610 (citation omitted).  This is a correct statement of the law, and reflects the argument that plaintiff asserts she wanted to make in her briefing.  Thus, plaintiff's objection is not warranted, since the Magistrate Judge applied the correct legal standard and adopted plaintiff's argument.

Finally, plaintiff argues that it is unfair for a court to review an "unfavorable" Social Security Administration decision.  This argument was clearly considered by the Magistrate Judge, who found that it was not improper for the court to consider the Social Security decision because it is consistent with all the evidence in the record and no inappropriate weight was placed on the decision [Doc. #34 at 28].  The Magistrate Judge concluded that the Social Security decision was merely one part of the evidence that was reviewed.  *Id.*  Courts have held that Social Security decisions are not binding on courts, but are instructive for determining whether a claim administrator's benefit decision was arbitrary and capricious.  *Adams v. Metro. Life Ins. Co.*, 549 F. Supp. 2d 775, 789 (M.D. La. 2007); *Schully v. Continental Cas. Co.*, 634 F. Supp. 2d 663, 685 (E.D. La. 2009).  Plaintiff's objection is nothing more than a reiteration of her previous argument at summary judgment, which was duly considered and rejected by the Magistrate Judge.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  After careful consideration, the court concludes plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #34] is hereby adopted, and defendant's Motion for Summary Judgment

[Doc. #18] is **GRANTED**, plaintiff's Motion for Summary Judgment [Doc. #24] is **DENIED**,
and plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **13** day of **August, 2013.**

_____
Ron Clark, United States District Judge